IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLES P. FINNEY and
STEPHANIE FINNEY                                                                              PLAINTIFFS

v.                                    Case No. 1:22-cv-1005

SAEILO, INC. d/b/a KAHR ARMS                                                          DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Protective Order. ECF No. 17. Defendant seeks an order to protect the confidentiality of certain information that may be discovered. Defendant states that the motion is unopposed, and Plaintiffs have not responded in opposition to the request for a protective order. Upon consideration, the Court finds that the instant motion (ECF No. 17) should be and hereby is **GRANTED**. The Protective Order is as follows:

**THE PARTIES TO THIS LAWSUIT**: Plaintiffs, Charles P. Finney and Stephanie Finney, by and through their attorneys of record, Law Office of David P. Price, P.A. and Gilbreath Law Firm, and Defendant, Saeilo Inc., by and through its attorneys of record, Renzulli Law Firm, LLP and Watts, Donovan, Tilley & Carson, P.A., do hereby stipulate to the entering of the following Protective Order regarding confidentiality (the "Protective Order").

1.  Definitions:

(a)  "Document" means all written, recorded or graphic matter however produced or reproduced, and all objects and tangible things including, but not limited to, pleadings, records, graphs, charts, audiotapes, videotapes, notes, invoices, electronically-stored data, exhibits, answers to Interrogatories, responses to

Requests for the Production of Documents, responses to Requests for Admissions, and deposition transcripts.

(b) "Protected Document" means any document (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) produced during discovery or at the trial of this action which is of a proprietary, confidential, trade secret, or of a commercially and/or competitively sensitive nature and is designated in good faith at the time of production by the producing party to be a "Protected Document." A "Protected Document" shall continue to be a "Protected Document" until such time as the producing party expressly agrees in writing that the document is no longer considered to be a "Protected Document" or there is a finding by this Court that the document is not the proper subject of protection under Arkansas law.

(c) "Protected Testimony" means any testimony given by way of deposition, Interrogatory or at the trial of this action (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) which is of a proprietary, confidential, trade secret or of a commercially and/or competitively sensitive nature and is designated in good faith at the time the testimony is given by the testifying party to be "Protected Testimony." "Protected Testimony" shall continue to be "Protected Testimony" until such time as the producing party expressly agrees in writing that the testimony is no longer considered to be "Protected Testimony" or there is a finding by this Court that the testimony is not the proper subject of protection under Florida law.

(d) "Party" means any party to this action, its parent, subsidiary, or affiliated entities, if any, and its shareholders, directors, officers, employees, and agents or representatives.

(e) "Action" refers to the above captioned matter currently pending in the United States District Court for the Western District of Arkansas, El Dorado Division, captioned: Charles P. Finney and Stephanie Finney v. Saeilo, Inc. d/b/a Kahr Arms, Case No.: 1:22-cv-01005-SOH.

**IT IS HEREBY ORDERED** that any and all documents produced or to be produced by any Party to this Action pursuant to any Subpoena, Interrogatory, Request for Production of Documents and/or Request for Admission served by any other Party, or testimony by way of deposition, interrogatory or at trial for which the producing or testifying party asserts a claim of proprietary, confidential, trade secret or otherwise sensitive commercial information shall be subject to this Protective Order. These documents and testimony are referred to as "Protected Documents" and "Protected Testimony" as defined above, and are to be maintained in a confidential manner under the procedures set forth below:

2. Without further order of this Court, requesting or receiving parties may show "Protected Documents" and/or "Protected Testimony," and may disclose the contents thereof, **only** to the following persons (hereinafter referred to as "Qualified Persons"):

    a. Counsel of record in this Action for requesting or receiving Party, and regular employees of such counsel assigned to and necessary to assist such counsel in the preparation of trial of this Action;

    b. Bona fide independent (i.e., not employed by or affiliated with a party or an affiliated company of a party) experts whom a Party's counsel, in good faith, reasonably anticipates will testify at trial as experts, and only to the extent necessary for preparation or testifying by that expert, subject to all of the terms and conditions of this Order and provided such person has first

3

        executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    c.    Any named Party to the litigation, if that Party's counsel of record determines, in the exercise of good faith, that such Party should be given access to assist in the prosecution of any claim or to the preparation of a defense;

    d.    Any mediator that the Parties engage in this matter or that the Court appoints;

    e.    Any witness who is called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    f.    A court reporter retained by a Party for deposition; and

    g.    The Court and its personnel and any jury empaneled in this Action.

3.    No disclosure shall be made to any person employed by any competitor of a Party producing any Protected Document or giving Protected Testimony except upon further order of this Court.

4.    In the event that any person, expert or witness in this Action or other "Qualified Person" is not willing to agree to be bound by this Protective Order, the Party seeking confidentiality may move the Court for an Order compelling the person to comply with this Protective Order within fourteen (14) days of written notification to the Party seeking confidentiality that the person is unwilling to be bound. This provision is without waiver to any Party's right to move the Court for a ruling on whether it may use material designated as a "Protected Document" or "Protected Testimony" pursuant to this Protective Order in questioning an expert or witness who refuses to sign and is not compelled by the Court to maintain confidentiality.

5.      If a person, expert, witness or other "Qualified Person" refuses to acknowledge and be bound by this Protective Order during the course of a deposition, the deposition may be adjourned so that the Party seeking confidentiality may move for an order compelling the person, expert or witness to comply with this Protective Order within fourteen (14) days following the witness's refusal to sign the Non-Disclosure Agreement in the form annexed as Exhibit A hereto. The time for filing such a motion, when the refusal is during a deposition, is controlled by this paragraph.

6.      Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly marked as follows:

**CONFIDENTIAL**
**Finney v. Saeilo, Inc. et. al.**
**Case No.: 1:22-cv-01005**
**SUBJECT TO PROTECTIVE ORDER**
**DO NOT COPY**

and shall remain at all times under the custody of counsel for the Party or Parties obtaining such documents or, where applicable, the Qualified Persons defined in paragraphs 4(b) and 4(c) above only.

7.      The Parties agree that entire deposition transcripts with attached exhibits shall be marked as "Protected Testimony" if requested by a Party at the time of the deposition, and that, within thirty (30) days of receipt of such transcripts, the Party seeking confidentiality's receipt of the final transcripts from either the court reporter or opposing counsel, the Party seeking confidentiality must affirmatively identify those portions of the transcripts which the Party contends are confidential and subject to the Protective Order.

8.      If a Party contends in good faith that any document or testimony has been erroneously designated as a "Protected Document" or "Protected Testimony" and subject to this

Order, the Party and any "Qualified Persons" shall nevertheless treat the document as a "Protected Document" and the testimony as "Protected Testimony" unless and until the Party either: (a) obtains the producing Party's written permission to do otherwise, or (b) if producing Party refuses to give such permission, an order of the Court is obtained finding that the document or testimony is not subject to this Protective Order.

9. "Protected Documents," the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than "Qualified Persons," as defined above. Except as provided for in paragraph 4 above, the Parties and "Qualified Persons" shall keep all "Protected Documents," the material contained therein and "Protected Testimony" confidential from all persons.

10. Before being given access to any "Protected Document" or "Protected Testimony," each "Qualified Person" to whom a receiving Party and/or anyone acting on the Party's behalf including, but not limited to, the Party's attorneys, agents and/or representatives, Party as defined in paragraph 4(c) above only, intend to deliver, exhibit, disclose or otherwise communicate and/or disseminate any "Protected Document," material contained therein or "Protected Testimony" in any form whatsoever, such "Qualified Person" shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree, in writing, to be bound by its terms by execution of the Affidavit attached hereto as Exhibit "A." The Party's counsel shall maintain a list of all "Qualified Persons" to whom any "Protected Document," material contained therein or "Protected Testimony" is provided, specifying the "Protected Document," material or "Protected Testimony" provided to the "Qualified Person," and that list shall be maintained for purposes of inspection by the Court and producing Party upon good cause shown.

11. Counsel for a requesting or receiving Party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any summaries or excerpts thereof to "Qualified Persons." Any copies so distributed shall be returned to the respective counsels immediately upon the completion of the "Qualified Person's" retention in this case.

12. To the extent that any "Protected Document" or information obtained therefrom, is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Protected Documents," "Protected Testimony" or information. At the time any "Protected Document" is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order, and the reporter shall mark the deposition transcript as "Confidential." Any "Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the envelope appropriately marked that the contents are subject to Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> **This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

13. Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any "Protected Documents" or "Protected Testimony." A Party that seeks to file under seal any "Protected Documents" or "Protected Testimony" must request by motion permission to file under seal, and in accordance with all local and federal rules applicable to filing sealed documents in this

Court. In the event that any "Protected Documents" or "Protected Testimony" is used in any court proceeding in connection with this Action, it shall not lose its status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

14. No requesting or receiving Party or "Qualified Person" who receives copies of any "Protected Documents" or "Protected Testimony" or any part, portion, summary or excerpt thereof produced in accordance with this Protective Order, is authorized to disseminate or distribute in any manner, all or any part of the "Protected Document" or "Protected Testimony" to any other person, firm, corporation or organization, without the prior written consent of the producing Party, or upon further order of this Court.

15. All documents, information, or other data disclosed by the producing Party, which are the subject of this Protective Order, shall be used solely for the purposes of this litigation and not for any other purpose, including any business purpose or any other litigation, mediation or arbitration.

16. All documents marked as confidential shall be returned to the producing Party within thirty (30) days after the conclusion of this litigation, including any appeals, either: (a) upon receipt of deposited and cleared settlement funds, (b) by stipulated dismissal, (c) by entry of judgment, or (d) by conclusion of appeals, whichever shall occur first, unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.

17. No requesting or receiving Party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, communicate, disseminate, withhold or otherwise publicize either the contents of "Protected Documents" or "Protected Testimony," or the fact that

the requesting or receiving Party has obtained confidential and/or privileged documents or testimony from the producing Party.

18.     This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have control.

19.     After termination of this Action, including any appeals, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the "Protected Documents" or "Protected Testimony" for enforcement of the provisions of this Protective Order following termination of the Action.

20.     If a Party inadvertently produces "Protected Documents" or "Protected Testimony" not designated as such, it may redesignate such information by giving written notice to all Parties that the production of such information without having been designated as "Protected Documents" or "Protected Testimony" was inadvertent. Upon receipt of such notice, all Parties in possession of such information must stamp all such information as provided above, or in the alternative return such documents to the producing Party for such stamping, and treat such "Protected Documents" or "Protected Testimony" as confidential pursuant to the terms and conditions of this Protective Order. Any such inadvertent production shall not be considered a waiver of the terms and conditions of this Protective Order.

21.     Neither the taking nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this Action that any document or communication is a

"Protected Document" or "Protected Testimony" or subject to any other privileges or is inadmissible for any other reason.

      **IT IS SO ORDERED**, this 12th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
